THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALTNAV SINGAPORE PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>IINO KAIUN KAISHA LTD,<br><br>Defendant. | IN ADMIRALTY<br><br>Case No. 2:22-cv-00780-JHC<br><br>ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN |

Having reviewed Plaintiff's Motion for the Appointment of a Substitute Custodian and the supporting Declarations of Buck Fowler, Jr., and good cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's Motion is GRANTED.

2. Marine Lenders Services, LLC, is appointed to act as substitute custodian of the vessel M/T MAPLE GAS (IMO 9800491) (hereafter, the "Vessel") during custodia legis on behalf of this Court, in place and instead of the United States Marshal, until further order of the Court.

3. The Vessel will be attached by the U.S. Marshal. Immediately following attachment, the U.S. Marshal for this District will transfer custody of the bunkers on the Vessel to substitute custodian Marine Lenders Services, LLC. The Vessel is or will soon be located at Ferndale, Washington, and will remain in this location while in the custody of the

substitute custodian, except as provided for herein or as further ordered by the Court.

4. The fees and expenses to be charged by the custodian and for moorage will be less than the cost of leaving the property in the custody of the U.S. Marshal.

5. The proposed custodian has no interest in the outcome of the action in which the property is or will be under arrest.

6. The proposed substitute custodian accepts appointment as substitute custodian and possession of the property and will safely keep the property for the duration of the appointment as substitute custodian.

7. Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel. The duties of the substitute custodian include, but are not limited to, ensuring that there is an adequate, safe moorage for the Vessel. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the Vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

8. Upon transfer of custody of the bunkers on the Vessel to the substitute custodian by the U.S. Marshal, the Marshal shall not be liable for any loss occurring while the Vessel remains in the custody of the substitute custodian and the substitute custodian shall indemnify and hold the plaintiff and the Marshal harmless from any and all claims arising out of the substitute custodian's possession and safekeeping of the Vessel.

9. All reasonable expenses of the U.S. Marshal shall be administrative expenses in this action and a first charge to the bunkers, to be paid to the Marshal prior to the release of the attachment or distribution of the proceeds of sale.

10. All reasonable expenditures which may be incurred by the plaintiff and the substitute custodian, or by any party advancing funds to the substitute custodian, including,

ORDER APPOINTING MARINE
LENDERS SERVICES, LLC AS
SUBSTITUTE CUSTODIAN - 2

but not limited to, all insurance, towage, transport, and other costs of moving the Vessel to a suitable location, in safekeeping and maintaining the Vessel while in custodia legis, and costs of maintaining adequate insurance on the Vessel while it is in custodia legis shall be administrative expenses in this action and a first charge on the Vessel, to be paid prior to the release of the attachment or distribution of the proceeds of sale.

11.     During custodia legis, Marine Lenders Services, LLC, shall maintain appropriate legal liability insurance providing a minimum coverage of Two Million Dollars (USD 2,000,000), which expenses for insurance shall constitute administrative expenses herein.

12.     Upon transfer of the bunkers on the Vessel from the U.S. Marshal to Marine Lenders Services, LLC, the Vessel may remain at anchorage at her current location, or other suitable location. Marine Lenders Services, LLC, shall notify the office of the Marshal that the Vessel is to be moved and will notify the office of the Marshal again when the Vessel has been moved.

13.     Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same.  The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

14.     Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer familiar with the Vessel and to take him or her on board the Vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the Vessel.

15.     Plaintiff shall arrange to pay charges for moorage of the vessel and the fees, costs, and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the Vessel, and/or in moving the Vessel.

ORDER APPOINTING MARINE
LENDERS SERVICES, LLC AS
SUBSTITUTE CUSTODIAN - 3

16. The moving party agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the property, from the time the Marshal transfers possession of the property to the substitute custodian until the property is released or sold, and agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

17. The substitute custodian may permit boarding and inspection of the vessel by marine surveyors, representatives of plaintiff, and defendant.  The substitute custodian or its employees shall be in attendance at all times of such boarding.

18. All crew members shall remain on board the vessel and continue to operate and maintain all ship systems pending further order of this Court.

19. During custodia legis the substitute custodian shall not permit repairs or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an order of this Court.

20. Plaintiff's attorney shall send a copy of this Order to the owner of the Vessel at the last address known by plaintiff.

21. The clerk is directed to provide a copy of this Order to the U.S. Marshals.

Dated this 7th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE

ORDER APPOINTING MARINE
LENDERS SERVICES, LLC AS
SUBSTITUTE CUSTODIAN - 4